IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH COLVIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITIGROUP GLOBAL MARKETS, INC.,<br><br>    Defendant. / | No. C 09-00238 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO VACATE COURT'S CASE MANAGEMENT ORDER |

In this case, Plaintiff Judith Colvin charges that Defendant Citigroup Global Markets (CGMI) improperly classified her as exempt under California law and denied her overtime pay, meal and rest breaks and business expense reimbursements. On November 10, 2008, Plaintiff Judith Colvin filed her complaint in California Superior Court for the County of San Mateo. On January 16, 2009, Defendant removed the case to the United States District Court for the Northern District of California. On February 6, 2009, the Court related this case to Bahramipour v. Citigroup Global Markets Inc., No. C 04-04440 CW. Bahramipour was a class action that involved the same causes of action that Plaintiff asserts in the present case. The parties settled Bahramipour and the Court approved the settlement agreement on March 18, 2008. As a class member in that case, Plaintiff submitted a claim and has been paid her portion of

the settlement.

On April 28, 2009, the Court conducted an initial case management conference for the present case. At the conference, the Court noted Plaintiff's involvement in the Bahramipour case and indicated that it would initially limit discovery to Plaintiff's individual claims and permit the parties to file motions for summary judgment on those claims prior to proceeding with pre-class certification discovery. Specifically, the Court allowed 120 days for the parties to conduct discovery.

Plaintiff moves to vacate the Court's case management order, arguing that the order improperly allows a merits determination prior to class certification. Contrary to Plaintiff's assertion, Ninth Circuit law is clear that a district court may rule on the merits before ruling on a motion for class certification. Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984). "Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first." Id. The judgment will not be res judicata as to other individual plaintiffs or other members of any class that may be certified. Id. The Court concludes that "early resolution of [the] motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." Id.

Plaintiff's reliance on Eisen v. Carlisle & Jacqueline, 417 U.S. 156 (1974), is misplaced. In that case, the district court held a preliminary hearing to determine whether the plaintiffs were likely to prevail on the merits, and on that basis it allocated

2

ninety percent of the costs of class notice to the defendants. The Court held that such a hearing was not provided for under Federal Rule of Civil Procedure 23. However, the Court did "not say that a court may never consider the merits of a suit prior to a class determination." Wright, 742 F.2d at 545. The Court merely prohibited "preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." Eisen, 417 U.S. at 177.

    The discovery allowed in the present case is geared towards a hearing on motions for summary judgment. The Court will not use a Rule 56 determination as a vehicle for deciding whether a class action is maintainable. Accordingly, Plaintiff's motion is denied. The Court vacates the hearing scheduled for June 18.

    IT IS SO ORDERED.

Dated: 6/11/09

CLAUDIA WILKEN  
United States District Judge