1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                        No. C 09-00238 CW

JUDITH COLVIN,
11                                        ORDER DENYING IN
           Plaintiff,                     PART PLAINTIFF'S
12                                        MOTION TO (1)
                                          WITHDRAW AS
13      v.                                REPRESENTATIVE
                                          PLAINTIFF, (2)
14   CITIGROUP GLOBAL MARKETS, INC.,      DISMISS PLAINTIFF'S
                                          INDIVIDUAL CLAIMS
15         Defendant.                     WITHOUT PREJUDICE
     _____/ and (3) CONDUCT
16                                        DISCOVERY TO
                                          IDENTIFY A
17                                        SUBSTITUTE CLASS
                                          REPRESENTATIVE
18

19        On April 28, 2009, the Court conducted an initial case

20   management conference for the present case.  At the conference, the

21   Court noted Plaintiff Judith Colvin's involvement in a related

22   case, <u>Bahramipour v. Citigroup Global Markets Inc.</u>, No. C 04-04440

23   CW, and indicated that it would initially limit discovery to

24   Plaintiff's individual claims and permit the parties to file

25   motions for summary judgment on those claims prior to proceeding

26   with pre-class-certification discovery.  Specifically, the Court

27   allowed 120 days for the parties to conduct discovery.  On May 12,

28   2009, Plaintiff moved to vacate the case management order, arguing

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

that the order improperly allowed a merits determination prior to class certification.  On June 11, 2009, the Court denied Plaintiff's motion because district courts may rule on the merits of a case before ruling on a motion for class certification. Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984).

On June 23, 2009, the parties' filed a joint statement outlining a summary judgment briefing schedule.  On September 16, eight days before Defendant Citigroup Global Markets, Inc.'s (CGMI) motion for summary judgment was due, Plaintiff filed the present motion to (1) Withdraw as Representative Plaintiff, (2) Dismiss Plaintiff's Individual Claims Without Prejudice and (3) Conduct Discovery to Identify a Substitute Class Representative.  Plaintiff also filed a motion to shorten time under which the Court will determine her underlying motion.  The Court granted Plaintiff's motion to shorten time and it vacated the summary judgment briefing schedule.  The Court now addresses Plaintiff's underlying motion.

Plaintiff requests leave to withdraw as the representative plaintiff in this case "because she no longer wishes to serve in that capacity."  Motion at 3.  Plaintiff offers no further explanation.  Although leave to add or subtract named plaintiffs after class certification is routinely granted, doing so prior to class certification is a different situation.  After a class is certified, "'a class acquires a legal status separate from that of the named plaintiffs,' such that the named plaintiff's loss of standing does 'not necessarily call for the simultaneous dismissal of the class action, if members of that class might still have claims.'"  Velazquez v. GMAC Morg. Corp., 2009 WL 2959838 (C.D. Cal.) quoting Birmingham Steel Corp. v. Tennessee Valley Authority,

353 F.3d 1331, 1336 (11th Cir. 2003).  Because no class has been certified in this action, Plaintiff's loss of standing would require simultaneous dismissal.

Here, Defendant CGMI has already conducted discovery geared towards Plaintiff.  This time will be entirely wasted if Plaintiff is allowed to withdraw and substitute a new class representative. Moreover, Plaintiff does not even have a substitute available and, in this motion, she seeks discovery to locate one.  At the initial case management conference, the Court gave the parties 120 days to conduct discovery for the express purpose of allowing them to file motions for summary judgment prior to proceeding with pre-class-certification discovery.  Thus, the discovery allowed to date was not for the purpose of locating an adequate class representative. However, Plaintiff appears to be asking for just that.  The Court will not permit additional discovery to substitute a new class representative.

The Court will allow Plaintiff to withdraw from the case, but with her absence, the case is left without a plaintiff and will be dismissed.  Plaintiff shall notify the Court within three days from the date of this order whether she wishes to proceed with this action, either on an individual basis or as a class representative. If she does not, Plaintiff's claims will be dismissed with prejudice.  If she chooses to go forward with the action, Defendant's motion for summary judgment will be due October 22; Plaintiff's opposition and cross motion for summary judgment will be due November 5; Defendant's reply and opposition to the cross motion will be due November 19; and Plaintiff's reply will be due December 3.  The summary judgment motions will be heard on

United States District Court
For the Northern District of California

December 17.

    IT IS SO ORDERED.

Dated: 10/13/09

_____
CLAUDIA WILKEN
United States District Judge

4